NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3328
_____

HEATHER HAGAN, INDIVIDUALLY;
S.H., A MINOR, BY AND THROUGH
HER PARENT AND NATURAL GUARDIAN,
HEATHER HAGAN

v.

ROCHELLE BILAL; CITY OF PHILADELPHIA

Heather Hagan; S.H.,
Appellants

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 2-11-04343)
Honorable Mary A. McLaughlin, District Judge
_____

Submitted under Third Circuit LAR 34.1(a)
April 25, 2013

BEFORE:  JORDAN, GREENBERG, and NYGAARD, Circuit Judges

(Filed:  April 29, 2013)
_____

OPINION OF THE COURT
_____

GREENBERG, Circuit Judge.

This matter comes on before this Court on an appeal from a summary judgment entered in the District Court on July 20, 2012, in favor of defendants Rochelle Bilal, a Philadelphia police officer, and the City of Philadelphia. Plaintiffs-appellants Heather Hagan and her infant daughter S.H., however, limit their appeal to the summary judgment in favor of Bilal and thus the City is not a party to this appeal. Inasmuch as there is no dispute of material fact the only issue that we address is whether the District Court correctly granted Bilal summary judgment as a matter of law on the basis of the undisputed facts. See Fed. R. Civ. P. 56(a); Kopec v. Tate, 361 F.3d 772, 775 (3d Cir. 2004). The parties agree that we should exercise plenary review on this appeal, citing Dilworth v. Metro. Life Ins. Co., 418 F.3d 345, 349 (3d Cir. 2005); McGreevy v. Stroup, 413 F.3d 359, 363 (3d Cir. 2005).[1]

The undisputed facts in this case are troublesome. On October 7, 2009, Hagan was driving an automobile in a northerly direction on Broad Street, a principal roadway in Philadelphia, near Girard Avenue, a major cross street. She intended at that time to make a left turn across the southbound lanes of traffic on Broad Street to enter a parking area at St. Joseph's Preparatory High School to pick up her stepson at the school. The proposed turn, however, was illegal, as traffic regulations did not permit a left turn at the point that Hagan intended to make it.

---

[1] The District Court had jurisdiction under 28 U.S.C. § 1331 over the Hagans' federal claims and had supplemental jurisdiction under 28 U.S.C. § 1367(a) over their related state law claims. The Hagans, however, have abandoned their state law claims and thus we are not concerned with those claims on this appeal.

As it happened, Bilal, who was off-duty, at that time was in the vicinity operating a private automobile on Broad Street and observed that Hagan intended to make an illegal left turn. Bilal, however, was not in uniform and therefore Hagan could not identify her as a police officer from her appearance. But inasmuch as Bilal intended to stop Hagan from making the turn she orally identified herself as a police officer and, while still in her automobile, told Hagan that if Hagan made the turn she would give her a ticket. At that time Hagan asked to see Bilal's identification but Bilal refused to produce it, apparently because she believed that she did not have to produce her identification as she was off duty. Hagan then made her turn into the school parking lot and Bilal followed her into the lot in her own automobile, parking behind Hagan thus blocking Hagan's automobile in the lot. After Hagan and Bilal parked their automobiles, when Hagan asked to see Bilal's identification she still did not produce it.

After the cars were parked, notwithstanding Hagan's illegal left turn, Bilal did not arrest Hagan or issue her a traffic ticket. On the other hand, Hagan did not attempt to drive out of the parking lot. Rather, Hagan and her daughter entered the school building from which Hagan called the Philadelphia police on the 911 number. Uniformed police then arrived and gave an oral warning to Hagan about the illegal turn at which point the incident seemed to be closed.

But the incident was not closed as Hagan brought police department disciplinary proceedings against Bilal that ultimately were not successful. Thereafter, the Hagans instituted this action against Bilal and the City, asserting both federal and state law claims. On this appeal, however, the Hagans only are pursuing a 42 U.S.C. § 1983

3

Fourth Amendment constitutional claim against Bilal predicated on Bilal having made an illegal, excessive, and unreasonable seizure of them. Both in the District Court and here Bilal has contended that the Hagans' Fourth Amendment claims were not meritorious as Bilal did not seize them. In its opinion the District Court did not determine if there had been a seizure. Instead, it indicated that even if Bilal had seized the Hagans, an event that the Court believed could not have happened until Bilal blocked the Hagan automobile after Hagan parked, the seizure would have been "neither unreasonable nor excessive and therefore did not violate the Fourth Amendment." App. at 34. Accordingly, the Court granted Bilal summary judgment.[2] This appeal followed.

As we indicated above we find this case troublesome. We can understand why Bilal did not want to produce her identification while the automobiles were on Broad Street as the identification process could have obstructed traffic. Yet once Hagan and Bilal drove their automobiles into the school parking lot Bilal should have produced identification for Hagan had every right to be certain of the identity of the person confronting her as sometimes people impersonate police officers. In this regard, we see nothing in Bilal's brief justifying her failure to produce identification once the automobiles were parked.

The above said, there simply was no seizure in this case so this Fourth Amendment action cannot succeed. We recently pointed out in James v. City of Wilkes-Barre, 700 F.3d, 675, 680 (3d Cir. 2012) (internal quotation marks, citations and

---

[2] Bilal claimed qualified immunity as a defense but the District Court did not consider that defense as it ruled in favor of Bilal on the merits of the Hagans' claims.

4

parentheses omitted), citing and quoting many cases, including some from the Supreme Court that:

> [o]nly when the officer, by means of physical force or show of authority, has in some way restrained the liberty of a citizen, may we conclude that a seizure has occurred. A person is seized for Fourth Amendment purposes only if he is detained by means intentionally applied to terminate his freedom of movement. When a person claims that her liberty is restrained by an officer's show of authority, a seizure does not occur unless she yields to that show of authority.

In this case nothing Bilal did on Broad Street affected Hagan's movements as notwithstanding Bilal's directions not to make a left turn Hagan pulled into the school parking lot just as she had planned to do before her encounter with Bilal. Furthermore, even though Bilal parked her automobile in a way that would have obstructed Hagan from leaving the lot in her automobile had she sought to do so immediately after parking, we see no reason to believe that her intentions with respect to her movements prior to encountering Bilal were curtailed or changed by Bilal's actions as Hagan intended to park and then enter the school building just as she did. Overall, it is clear that Bilal did not restrain the Hagans' freedom of movement and therefore there was no Fourth Amendment violation.

For the foregoing reasons, the order of July 20, 2012, will be affirmed. The parties will bear their own costs on this appeal.